UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO JOSEPH GARCIA,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | No. 2:15-CV-2441 MCE AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in 2008 of receiving stolen property, and he received a 25 years to life sentence of imprisonment under California's "three strikes" law. The instant petition challenges the 2013 denial of resentencing under the Three Strikes Reform Act, California Penal Code § 1170.126. ECF No. 1. Respondent has answered. ECF No. 18. Petitioner did not file a traverse.

BACKGROUND

I. Proceedings In the Trial Court

    A. Conviction Sentence

Petitioner was arrested in December 2007 in Shasta County and charged with first degree residential burglary, grand theft of a firearm, receiving stolen property, and related misdemeanors. He pled guilty to receiving stolen property and admitted prior strikes for a

stipulated sentence of 25 years to life imprisonment.  Judgement was imposed in 2008.

      B.   Proceedings Pursuant to Penal Code § 1170.126

In 2012, California passed the Three Strikes Reform Act, California Penal Code § 1170.126, which provided in relevant part for the resentencing of certain "three strikes" inmates. Petitioner filed a motion to recall his sentence in February of 2013.  The motion alleged that petitioner's triggering offense did not satisfy the criteria for a "serious or violent felony," and that his prior convictions did not exclude him from the recall provision.

In superior court, the prosecution acknowledged that petitioner was statutorily eligible for relief under § 1170,126, but opposed resentencing on grounds that he posed an unreasonable risk of danger to the public and that resentencing would violate the 2008 plea bargain.  A hearing was held in the superior court on July 10, 2013.  Lodged Doc. 10 (Reporter's Transcript) at 4-16. After hearing arguments and considering both petitioner's criminal history and his positive adjustment in custody, the court concluded that petitioner posed an unreasonable risk of danger to public safety.[1]  The recall petition was therefore denied.  Id. at 16.

    II.      Post-Conviction Proceedings re Resentencing

Petitioner timely appealed, and the California Court of Appeal affirmed the judgment of conviction on October 16, 2014.  Lodged Doc. 4.  The California Supreme Court denied review on January 21, 2015.  Lodged Doc. 8.  The instant federal petition followed.

          STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] Petitioner's background and criminal history are summarized by the California Court of Appeal at Lodged Doc. 4, pp. 2-4.

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 562 U.S. 86, 99 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether…the particular point in issue is clearly established by Supreme Court precedent." Marshall v. Rodgers, 569 U.S. 58, 64 (2013).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 563 U.S. 170, 180-181 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. Id. at 181-182. In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 182. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is

confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In Richter, supra, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. Richter, 563 U.S. at 102.

## DISCUSSION

I. Claim One: The "Three Strikes" Recall Statute Is Unconstitutionally Vague

A. Petitioner's Allegations and Pertinent Statutory Background

As he did on direct appeal, petitioner contends that the California recall statute violates the federal constitutional guarantee of due process because the phrase "unreasonable risk of danger to public safety" is impermissibly vague.

The Three Strikes Reform Act provides in relevant part that, if a petitioner satisfies the statutory criteria for eligibility, "the petitioner shall be resentenced… unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." Cal. Penal Code § 1170.126(f). The following guidance is then provided:

> (g) In exercising its discretion in subdivision (f), the court may consider:
>
> (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;
>
> (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and
>
> (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety.
>
> (h) Under no circumstances may resentencing under this act result in the imposition of a term longer than the original sentence.

Id., § 1170.126(g).

////

////

4

B. <u>The Clearly Established Federal Law</u>

"A [substantive criminal] statute can be impermissibly vague ... if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or "if it authorizes or even encourages arbitrary and discriminatory enforcement." <u>Hill v. Colorado</u>, 530 U.S. 703, 732 (2000). As for the notice requirement, the Supreme Court "has consistently held that lack of precision is not itself offensive to the requirements of due process." <u>Roth v. United States</u>, 354 U.S. 476, 491 (1957). "[T]he Constitution does not require impossible standards; all that is required is that the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." <u>United States v. Petrillo</u>, 332 U.S. 1, 7-8 (1947)). The "degree of vagueness that the Constitution tolerates ... depends in part on the nature of the enactment." <u>Village of Hoffman Estates v. Flipside, Hoffman Estates</u>, 455 U.S. 489, 498 (1982).

C. <u>The State Court's Ruling</u>

This claim was raised on direct appeal. Because the California Supreme Court denied discretionary review, the opinion of the California Court of Appeal constitutes the last reasoned decision on the merits and is the subject of habeas review in this court. See <u>Ylst v. Nunnemaker</u>, 501 U.S. 797 (1991); <u>Ortiz v. Yates</u>, 704 F.3d 1026, 1034 (9th Cir. 2012).

The appellate court ruled in pertinent part as follows:

> *The Term "Unreasonable Risk of Danger to Public Safety" Is Not Void for Vagueness*
>
> Defendant contends that section 1170.126 is unconstitutionally vague because the term "unreasonable risk of danger to public safety" (§ 1170.126, subd. (f)) is not defined. We disagree.
>
> "The constitutional interest implicated in questions of statutory vagueness is that no person be deprived of 'life, liberty, or property without due process of law,' as assured by both the federal Constitution (U.S. Const., Amends. V, XIV) and the California Constitution (Cal. Const., art. I, § 7)." (<u>Williams v. Garcetti</u> (1993) 5 Cal.4th 561, 567.) "All presumptions and intendments favor the validity of a statute and mere doubt does not afford sufficient reason for a judicial declaration of invalidity. Statutes must be upheld unless their unconstitutionality clearly, positively and unmistakably appears." (<u>Lockheed Aircraft Corp. v. Superior Court</u> (1946) 28 Cal.2d 481, 484.)

5

Defendant fails to satisfy this demanding standard. Under the Act, a defendant who is not otherwise ineligible for resentencing "shall be resentenced … unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

"In exercising its discretion in subdivision (f), the court may consider:

"(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;

"(2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and

"(3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).)

The meaning of "unreasonable risk of danger to public safety" is made clear by reference to the examples of evidence the trial court may consider in making this determination. To determine unreasonable risk, the trial court may consider any relevant evidence, including a defendant's criminal conviction history and record of discipline and rehabilitation while incarcerated. Far from giving "insufficient guidance" on how to determine unreasonable risk as defendant claims, the statute enumerates factors the court may consider in exercising its discretion.

Defendant insists the term "unreasonable risk of danger to public safety" is vague because the term "unreasonable" is not defined with mathematical precision. He questions whether it "mean[s] a risk of harm that is more likely than not to occur, say a risk greater than 50%? Or is an 'unreasonable risk' one which cannot be eliminated by the use of reasonable or rational analysis?"

The critical inquiry, however, is not whether the risk is quantifiable, but rather, whether the risk would be "unreasonable." (§ 1170.126, subd. (f).) "'The law is replete with instances in which a person must, at his peril, govern his conduct by such nonmathematical standards as "reasonable," "prudent," "necessary and proper," "substantial," and the like. Indeed, a wide spectrum of human activities is regulated by such terms: thus one man may be given a speeding ticket if he overestimates the "reasonable or prudent" speed to drive his car in the circumstances (Veh. Code, § 22350), while another may be incarcerated in state prison on a conviction of wilful homicide if he misjudges the "reasonable" amount of force he may use in repelling an assault [citation]. As the Supreme Court stated in Go-Bart Importing Co. v. United States (1931) 282 U.S. 344, 357, "There is no formula for the determination of reasonableness." Yet standards of this kind are not impermissibly vague, provided their meaning can be objectively ascertained by reference to common experiences of mankind.'" (People v. Morgan

> (2007) 42 Cal. 4th 593, 606, quoting People v. Daniels (1969) 71 Cal.2d 1119, 1128–1129.)
>
> Here, as we have explained, the meaning of the term "unreasonable risk of danger to public safety" is clear because it can be objectively ascertained by reference to the examples of evidence the trial court may consider in making this determination. There is no merit in defendant's claim otherwise.

Lodged Doc. 4 at 5-7

### D. Objective Reasonableness Under § 2254(d)

The California Court of Appeal did not apply a standard for vagueness that is contrary to U.S. Supreme Court precedent. Nor did it unreasonably apply the vagueness standards that have been articulated in federal law and are accurately reflected by the cited California authorities. To the contrary, the state court's decision is fully consistent with the federal courts' approach to vagueness doctrine.

As a general matter, it is not unconstitutional to require ordinary people to conform their conduct to standards that are formulated at a relatively high standard of generality, even if such standards are uncertain or imprecise. See Guerrero v. Whitaker, 908 F.3d 541, 545 (9th Cir. 2018) ("Many statutes provide uncertain standards and, so long as those standards are applied to real-world facts, the statutes are almost certainly constitutional."); see also United States v. Ragen, 314 U.S. 513, 523 (1942) (incorporation of reasonableness standard does not render penal statute void for vagueness).

Petitioner identifies no clearly established federal law that finds a statute analogous to the Three Strikes Reform Act void for vagueness, and the undersigned is aware of none. To the contrary, the Ninth Circuit has rejected arguments, like that forwarded by petitioner, that due process forbids the use of general standards such as "unreasonable risk" in making determinations about early release.[2] See Hess v. Board of Parole and Post-Prison Supervision, 514 F.3d 909, 915

---

[2] It is significant that petitioner's vagueness challenge is directed not at the substantive criminal statutes under which he was convicted and sentenced, but rather at his inability to benefit from a resentencing scheme that went into effect during his incarceration. In this context, the vagueness inquiry is less demanding. "The Due Process Clause does not require the same precision in the drafting of parole release statutes as is required in the drafting of penal laws." Hess v. Board of Parole and Post-Prison Supervision, 514 F.3d 909, 914 (9th Cir. 2008); see also Village of

(9th Cir. 2008) (rejecting vagueness challenge to parole release statute that excluded a prisoner who "constitute[s] a danger to the health or safety of the community"); Glauner v. Miller, 184 F.3d 1053, 1055 (9th Cir. 1999) (per curiam) (rejecting vagueness challenge to parole standard prohibiting relief to a prisoner who poses a "menace to the health, safety or morals of others"). Particularly in light of this authority, the state court's rejection of petitioner's claim cannot be considered objectively unreasonable. Section 2254(d) therefore bars relief.

II. Claim Two: Superior Court's Abuse of Discretion Violated Due Process

A. Petitioner's Allegations and Pertinent State Court Record

Petitioner contends that the denial of his recall petition was an abuse of the superior court's discretion, and thus violated due process. He relies on (1) the conclusory allegation that the superior court did not place the burden of proof on the prosecution; (2) the fact that his prior criminal record did not involve any harm to victims; and (3) his positive conduct in prison. ECF No. 1 at 25-28. The transcript of proceedings on the recall motion is at Lodged Document 10.[3]

B. The Clearly Established Federal Law

Federal habeas relief is generally unavailable for an alleged error in the interpretation or application of state sentencing laws by a state trial court or appellate court. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Mullaney v. Wilbur, 421 U.S. 684, 691 (1975))); see also Richmond v. Lewis, 506 U.S. 40, 50 (1992) (holding that the question to be decided by a federal court on habeas corpus is not whether the state committed state-law error, but rather, whether the state court's action was "so arbitrary or capricious" as to constitute an independent violation of the federal constitution (citation omitted)). "[S]tate courts are the ultimate expositors of state law," and a federal habeas court is bound by the state's construction except when it appears that its interpretation is "an

---

Hoffman Estates, 455 U.S. at 498 (degree of vagueness permissible depends on nature of statute).
[3] See also, Lodged Doc. 9 (Clerk's Transcript on Appeal) at 1-5 (motion for recall of sentence); 10-59 (People' response, with exhibits); 67-68 (supplemental response); 70-182 (supplemental petition for recall of sentence, with exhibits).

obvious subterfuge to evade consideration of a federal issue." Mullaney, 421 U.S. 684, 691 & n.11 (1975) (citation omitted).

### C. The State Court's Ruling

The opinion of the California Court of Appeal is the state court judgment subject to federal habeas review. See Ortiz, 704 F.3d at 1034. That court ruled as follows:

> *The Trial Court Did Not Abuse Its Discretion In Finding An Unreasonable Risk of Danger to Public Safety*
>
> Defendant contends that to the extent the Act provides a "standard of guided discretion for the determination of 'unreasonable risk of danger to public safety,' " the trial court abused its discretion to this case." Included in this contention are defendant's claims: (a) the court did not place any burden of proof on the People; (b) the court "may" have considered the People's argument that if it were "inclined" to resentence defendant, "the original plea [be] withdrawn and the case … set for trial on the original charges"; and (c) the court abused its discretion in coming to the conclusion that it did with the factors considered. We take each of these claims in turn, finding merit in none.
>
> A.  *The Court Placed The Burden Of Proof On The People*
>
> Defendant claims the court did not place any burden of proof on the People. The record refutes defendant's claim. Toward the beginning of the hearing, defense counsel stated that the burden of proving unreasonable risk was "on the People, by a preponderance of the evidence." The court responded that "makes sense to me." The defense attorney then cited Kaulick*,* which hold that the People hold the burden of establishing dangerousness by a preponderance of the evidence. (People v. Superior Court (Kaulick*)* (2013) 215 Cal.App. 4th 1279, 1301). Thus, the court squarely placed the burden of proof on the People.
>
> However, the issue of the burden of proof is a red herring. We express no opinion as to whether the trial court was correct, and the defendant does not claim a higher burden should have been imposed. It is difficult to imagine a case in which the burden of proof will matter in an appeal from a denial of resentencing based on a finding that a defendant poses an "unreasonable risk of danger to public safety." The facts are undisputed, limited as they usually are to the defendant's criminal history. Where evidentiary facts are disputed, the appropriate standard of review on appeal would be sufficiency of the evidence, and the question would be whether there is "substantial" evidence to support the ruling, i.e., evidence that is reasonable in nature, creditable, and of solid value. Clearly, our standard of review is abuse of discretion. " 'We find no authority distinguishing between insufficient evidence and abuse of discretion. It would seem obvious that, if there were no evidence to support the decision, there would be an abuse of discretion.' " *(*In

re Marriage of Russo (1971) 21 Cal.App. 3d 72, 76-87.) But here, there is ample evidence, uncontradicted, though the ultimate fact – whether defendant would pose an unreasonable risk of danger to public safety if released – is hotly contested. Resolution of the fact is a quintessential exercise of discretion, like a multitude of other determinations vested in judicial officers, guided by the standards set forth in section 1170.123, subdivision (g).

B. *There Is No Evidence The Court Considered The People's Argument About Withdrawing Defendant's Three Strikes Plea Agreement*

Defendant contends the court "may" have considered the People's argument that if the court were "inclined" to resentence defendant, "the original pela [be] withdrawn and the case …set for trial on the original charges" because the People would "no longer [be] getting the benefit of the bargain." He claims this was a possibility because there was "an absence of other significant factor to support the rejection of recall."

There is no support in the record for defendant's argument. The court discussed each of the factors it weighed it determining whether resentencing defendant would pose an unreasonable risk of danged to public safety. The People's argument about withdrawal of the plea bargain was not one of them.

C. *The Trial Court Did Not Abuse Its Discretion In Concluding That Defendant's Resentencing Would Pose An Unreasonable Risk Of Danger To Public Safety*

Defendant argues the court abused its discretion by failing to give credence to the factors that weighed in favor of defendant's release. We revied a trial court's exercise of discretion using the abuse of discretion standard, under which it is not enough for a defendant to show that reasonable people might disagree about the court's sentencing decision but rather, the defendant must show, for example, the court was unaware of its discretion or acted arbitrarily. *(*See People v. Carmony (2004) 33 Cal.4th 367, 376-378 [making these observations in terms of a trial court's exercise of discretion in determining whether to strike a defendant's strike].)

Here, defendant's argument about the factors the court did consider is based on a disagreement about the trial court's weighing of appropriate factors. Specifically, defendant points out that his robbery strikes were remote, "there was no record of harm to any of the victims," and his conduct in prison was "good." This reweighing is not an appropriate basis on which to find an abuse of discretion. *(*People v. Carmony, supra, 33 Cal.4th at p. 378.) The trial court was well aware of the factors defendant cites on appeal, as specifically noted as "significant" the five years defendant had spent in prison discipline free and that fact it had not been made aware of any injuries to victims (although it noted that defendant's victims would have been psychologically injured for the robberies). But the court did not find that these factors were significant enough to overcome the factors indicating that resentencing him would

10

> pose an unreasonable risk of danger to public safety. Specifically, it did not find that the remoteness of the robbery strikes weighed in favor of resentencing because defendant had an "on-going, nonstop criminal history," two escapes from confinement, an 18-year prison commitment, shortly after which he exhibited a weapon, and had recently committed the current offense of receiving stolen property. Based on a weighing of all the factors, including the negative ones we have recounted, the court reasonably believed that resentencing defendant would pose an unreasonable risk of danger to public safety. Simply because reasonable people could disagree, this does not mean the court abused its discretion.

Lodged Doc. 4 at 8-11.

### D. Objective Reasonableness Under § 2254(d)

The California Court of Appeal resolved this issue as one of state law, and this court is bound by its holding on the state law issues. See Bradshaw, 546 U.S. at 76. Petitioner's use of the phrase "due process" in conjunction with his state law argument does not create a viable due process claim. See Park v. California, 202 F.3d 1146, 1154 (9th Cir. 2000) (placing a "due process" label on a state law claim does not transform it into a federal claim); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process."). Because the superior court permissibly exercised its discretion under the recall statute as a matter of California law, as found by the California Court of Appeals, the premise of petitioner's due process theory fails.

Moreover, the state court's implicit rejection of a parallel due process claim cannot have been objectively unreasonable. Although petitioner made a perfectly colorable argument that his post-conviction rehabilitation efforts supported resentencing by demonstrating that he did not pose a risk to public safety, the record here does not suggest any fundamental unfairness in the superior court's reasoned rejection of that argument. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) (absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing law does not support habeas relief). For the reasons explained by the appellate court, the superior court acted within the bounds of the discretion afforded it by statute. The three-strikes sentence is not itself substantively unconstitutional,[4] and the process by which the

---

[4] The U.S. Supreme Court has found life sentences in three-strikes cases to be constitutionally permissible for simple property offenses, see Ewing v. California, 538 U.S. 11 (2003), and has

11

petition for recall was considered and denied was not procedurally defective in any way. Both sides were heard, and the superior court considered the evidence both of petitioner's criminal history and of his efforts at reform in prison. On this record, it was not objectively unreasonable for the court of appeal to identify no fundamental unfairness.

Finally, petitioner has identified no U.S. Supreme Court precedent finding a due process violation on similar facts or in an analogous context, and the court is aware of none. Absent such authority, § 2254(d) bars federal relief. See Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam) (there can be no unreasonable application of clearly established federal law where the Supreme Court itself has not announced the rule that governs petitioner's claim).

Accordingly, to the extent if any that petitioner has stated a due process claim that is cognizable in federal habeas, he is not entitled to relief.

### III. Claim Three: Recall Would Not Violate the Plea Agreement

Petitioner's third claim contends that relief under the recall statute would not violate his plea agreement or call for withdrawal of the negotiated guilty plea. ECF No. 1 at 8, 28-29. The claim before this court does not allege violation of any federal constitutional right. Id. Petitioner did not present or exhaust any related federal constitutional issue in the state courts. See Lodged Doc. 1 (Appellant's Opening Brief) at 16-17 (arguing the issue as a purely state law matter); Lodged Doc. 7 (Petition for Review) (omitting the issue as an independent basis for relief). The Court of Appeal considered the plea agreement in the context of the abuse of discretion issue, above, and rejected petitioner's argument without reference to federal law. Lodged Doc. 4 at 9.

For these reasons, Claim Three states no cognizable basis for federal habeas relief. See 28 U.S.C. § 2254(a) (limiting federal habeas jurisdiction to claims that state custody violates federal Constitution or laws); Estelle, 502 U.S. at 67 (state law questions not reviewable in federal habeas).

////

////

---

found federal habeas relief unavailable to a California inmate sentenced to life imprisonment for petty theft, Lockyer v. Andrade, 538 U.S. 63 (2003).

12

CONCLUSION

For all the reasons explained above, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be denied. It is FURTHER RECOMMENDED that the court decline to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 21, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE